### MATLOCK v. CATTO et al.
### No. 1976.

Court of Civil Appeals of Texas. Beaumont.
April 5, 1930.

Seale & Denman, of Nacogdoches, for appellant.

V. E. Middlebrook and Tucker & Thompson, all of Nacogdoches, for appellees.

O'QUINN, J.

Appellees sued appellant in trespass to try title to 22½ acres of land, a part of the T. J. Lambert survey in Nacogdoches county. Defendant, appellant, answered by plea of not guilty and claimed the land in controversy by the ten years' statute of limitation (Rev. St. 1925, art. 5510). He answered specially that on November 13, 1928, he bought said land from one Sheb Cloudy for a consideration of $300, of which he paid $150 in cash and executed a certain vendor's lien note in favor of A. G. Edens for the remainder, $150, due and payable November 1, 1929. That said Cloudy executed and delivered to him a general warranty deed to said land, and pleaded over against said Cloudy on his warranty, and prayed that he be cited to answer, and in the event that judgment was against him, (Matlock), that he have judgment over against Cloudy for the $150 that he had paid and for the cancellation of the said note.

The case was tried to the court without a jury, and judgment rendered for appellees for the title and possession of the land, and in favor of Matlock for the cancellation of the note, and in favor of Cloudy on his warranty. Motion for a new trial was overruled, and the case is before us on appeal of Matlock.

Upon request of appellant, the court duly made and filed his findings of fact and conclusions of law. It was agreed by the parties that appellees had the record title to the land, and the court found that they were the record owners of same. The court also found that appellant did not show adverse possession of the land for ten years, and therefore found against appellant's claim of limitation. The court also found that the deed from Cloudy was without consideration; also, that the note executed by appellant to Edens was without consideration, and concluded that said note should be cancelled.

Appellant, Matlock, duly excepted to the court's finding that he had not had adverse possession of the land for ten years, and to the court's conclusions of law that he was not entitled to recover under the ten years' statute of limitation.

Appellant's two assignments of error attack the court's finding of fact and conclusion of law that appellant should not prevail by virtue of his claim of ten years' limitation. There is in the record a full and complete

statement of facts agreed to by the parties and approved by the court. The question is one of fact. We do not believe it would serve any useful purpose to set out the evidence, but will say that after a careful consideration of all the facts in evidence we think there is evidence to sustain the court's finding, and we so hold. The judgment should be affirmed, and it is so ordered.

Affirmed.